UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| LAURIE DOODY, )<br>)<br>Plaintiff )<br>)<br>)<br>)<br>)<br>v. )<br>)<br>)<br>)<br>AETNA Life Insurance Company, )<br>)<br>)<br>Defendant ) | CIVIL NO.: |

COMPLAINT

NATURE OF THE ACTION

This is an action brought under the Employee Retirement Income Security Act of 1974 (ERISA), *29 U.S.C. § 1001, et seq*.  Plaintiff was insured under the short term disability Plan and long term disability plan of FedEx which is administered and would be paid by Defendant.  The LTD claim Number is 14683121. Defendant has wrongfully denied STD benefits to Plaintiff who became totally disabled while she was eligible for benefits and entitled to the payment of benefits because she has been disabled according to the definitions in the Policy. Defendant has wrongfully denied long term benefits to Plaintiff because it wrongfully instructed her not to apply for LTD benefits until she has exhausted STD benefits and did not provide her with an opportunity to submit evidence and appeal a potential adverse decision on an LTD claim.

JURISDICTION AND VENUE

This court has original jurisdiction under *28 U.S.C. § 1331* because this is an action arising under the laws of the United States. Venue is proper in this Court pursuant to *28 U.S.C. § 1391(b)* in the State of Maine because the events giving rise to the claim occurred in the State of Maine and under Local Rule 3(b) in Portland because the Plaintiff lives in the County of York, State of Maine.

## FACTS

1. Plaintiff was a full-time, active employee of FedEx as a Handler Box Non-DOT in November, 2016 when she became totally disabled by a condition that was ultimately diagnosed as Polyarthralgia.
2. Plaintiff remains totally disabled.
3. Plaintiff's job required her to travel throughout the state to maintain the FedEx drop boxes including cleaning and stocking them.
4. In the Spring of 2016, Plaintiff started to have pain and swelling in her hands and arms.
5. During the subsequent months, her condition worsened so that driving became excruciating. She was in so much pain she found herself driving in tears while trying to do her job.
6. She became unable to lift almost everything. She still has to get help to shop for groceries because she is unable to lift even a 10-pound bag of sugar.
7. Her husband does the laundry because she can't lift the basket.
8. She has had to make all kinds of adjustments due to the continuing, totally disabling pain.
9. She is not even able to open a bottle of water.

10. Plaintiff is in constant pain and continues to have flare ups so that she is not consistently able to work or succeed with her ADLs.

11. Plaintiff applied for STD benefits pursuant to the STD Policy.

12. Defendant denied STD benefits by letter to Plaintiff dated May 15, 2017.

13. Plaintiff made timely appeal of this denial.

14. Plaintiff contacted Defendant in July, 2017 to make a claim for LTD benefits.

15. According to Aetna's claims procedures, "Customers for whom Aetna administers both Short Term (STD) and Long Term (LTD) disability will benefit from a workflow that provides a seamless transition from STD to LTD.  This workflow is premised on a single claim application.  That means, when a covered employee files a claim for STD, he/she need not complete a second claim form in order to initiate the LTD claim.  This eliminates duplicate requests for information to the claimant."

16.  Defendant was denied LTD benefits verbally and without providing opportunity for appeal.

## COUNT 1

15.  Plaintiff restates all allegations here.

16.  Defendant wrongfully denied STD benefits.

17.  Defendant wrongfully denied LTD benefits and appeal of the denial of LTD.

WHEREFORE, Plaintiff requests this Court:

(a) Grant Judgment in her favor and against Defendant on all claims;

(b) Order that Defendant pay all STD and LTD benefits to date of Judgment;

(c) Declare Plaintiff's rights under the terms of the Plan, and clarify her rights to future benefits under the terms of the Plan;

(d) Require Defendants provide a procedure for a full and fair review of adverse determinations under the Plan in accordance with 29 U.S.C. 1133;

(e) Order restitution or surcharge to disgorge Defendant's unjust enrichment in wrongfully delaying and denying benefits and to make Plaintiff whole for losses;

(f) Order the payment of prejudgment and post judgment interest as well as interest from the initial denial of benefits;

(g) Order that Defendant pay the costs of suit, including Plaintiff's attorney's fees and costs pursuant to 29 U.S.C. 1132(g); and

(h) Award all such other and further relief as this Court deems just and proper.

DATED: February 22, 2018

*/s/ Gisele M. Nadeau*

Gisele M. Nadeau, Esq.
55 Pleasant Ave.
Portland, Maine 04103

nadeau@nadeauerisadisability.com